# EXHIBIT A

SUPREME COURT OF THE SATE OF NEW YORK
COUNTY OF ROCKLAND
---------------------------------------------------------------X
MELLARD N. JENNINGS,

                                  Plaintiff,

        - against -

WYETH PHARMACEUTICALS, INC., and
CHARLES GUINOSSO,

                                  Defendants.
---------------------------------------------------------------X

**FILED MC**

JAN 1 2 2007

ROCKLAND COUNTY
CLERK'S OFFICE

Index No. 398/07
Plaintiff designates
ROCKLAND COUNTY
as the place of trial

ROCKLAND COUNTY
The basis of the venue is
PLACE WHERE
CONDUCT OCCURRED

To the above named defendants:

        **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or to answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: Carle Place, New York
       January 9, 2007

                                                             Attorney(s) for Plaintiff

                                                             THE LAW OFFICE OF
                                                             STEVEN A. MORELLI
                                                             One Old Country Road, Suite 347
                                                             Carle Place, New York 11514
                                                             (516) 393-9151

TO:    Wyeth Pharmaceuticals, Inc.
         401 North Middletown Road
         Pearl River, NY 10965

         Charles Guinosso
         Wyeth Pharmaceuticals, Inc.
         401 North Middletown Road
         Pearl River, NY 10965

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND
------------------------------------------------------------x       Index No. 398/07
MELLARD N. JENNINGS,

                Plaintiff,                                   **COMPLAINT** FILED MC

   -against-                                                                      JAN 1 2 2007

WYETH PHARMACEUTICALS, INC. and                        ROCKLAND COUNTY
CHARLES GUINOSSO,                                                        CLERK'S OFFICE

                Defendants.
------------------------------------------------------------x

Plaintiff, MELLARD N. JENNINGS, by and through his attorneys, The Law Office of Steven A. Morelli, complaining of the Defendants herein, alleges as follows:

### PRELIMINARY STATEMENT

1. Approximately 90% of upper management at the Wyeth Pharmaceuticals facility in Pearl River, New York is white. Fraternization, characterized by discriminatory favoritism, has created an environment at Wyeth whereby black employees are excluded from promotion into upper management, paid less, harassed, and retaliated against due to nothing more than the color of their skin, and their complaints go unanswered.

2. This is a civil action for violation of state protected rights brought pursuant to New York Executive Law § 296 and 42 U.S.C. § 1981, and contains any other causes of action that can reasonably be inferred from the facts set forth herein. Plaintiff is seeking damages based upon Defendants' unlawful discrimination causing Plaintiff to suffer financial, physical, emotional, and psychological damages.

1

## PARTIES

3. Plaintiff MELLARD N. JENNINGS, at all times hereinafter mentioned, was and still is a resident and domiciliary of the State of New York, County of Orange.

4. Upon information and belief, Defendant WYETH PHARMACEUTICALS, INC. ("Wyeth") was and still is a foreign corporation duly authorized to do business in New York, with an office located in Pearl River, County of Rockland, State of New York

5. Defendant CHARLES GUINOSSO ("Guinosso") is an individual who is, upon information and belief, a resident and domiciliary of the State of New York.

6. Guinosso, at all times hereinafter mentioned, was and upon information and belief still is an employee of Wyeth. Guinosso is a white male.

## ALLEGATIONS COMMON TO ALL CLAIMS

7. American Cyanamid, a corporation, was taken over by American Home Products, a corporation, in 1996.

8. American Home Products became Wyeth in or about 2003.

9. All references to "Wyeth" in this Complaint are to be construed as also referring to American Cyanamid or American Home Products to the extent that any allegations refer to events that occurred before 2003.

10. Plaintiff is a 51 year-old African American male.

11. Plaintiff has a Masters Degree in Education and Chemistry.

12. Wyeth hired Plaintiff on March 14, 1982 as a Technician.

13. In 1994, Plaintiff became a Scientific Assistant at Wyeth.

14. In 1996, Plaintiff became a Scientist at Wyeth.

15. In 2000, Plaintiff became a Research Scientist at Wyeth and holds that position currently.

16. Plaintiff's supervisors in his capacity as a Research Scientist are Dr. Michael O'Brien and Dr. David Blum. Both are white.

17. In or about May 2002, Defendant Guinosso began to harass Plaintiff with racial taunts.

18. Plaintiff immediately complained to Dr. Blum, and Dr. Blum stated that he would monitor Guinosso's behavior, and that if the comments and taunts continued, a complaint would be filed with the Wyeth Human Resources Department.

19. The comments did not cease, but Plaintiff was afraid to make another complaint out of fear for retaliation since Guinosso held a higher position that Plaintiff.

20. In or about August 2003, Plaintiff asked Guinosso for information pertinent to a project that the two were working on together.

21. Instead of giving Plaintiff the information, Guinosso began to act out an "Amos & Andy" routine, made fun of Aunt Jemima, and repeatedly referred to Plaintiff as "boy."

22. Guinosso also said, "you people of color think you need special treatment," in the presence of another employee, Fred Vyversbeg (white).

23. Since Guinosso had been unwilling to supply the requested information, Plaintiff was forced to approach Dr. Jim Farina (white) to get the information.

24. Guinosso followed Plaintiff into Dr. Farina's office and continued his racial taunts as Plaintiff attempted to obtain the information from Dr. Farina.

3

25. Guinosso made more racial statements in front of Dr. Farina and then attempted to physically assault Plaintiff.

26. Dr. Farina was forced to intervene and had to restrain Guinosso.

27. Drs. Blum and O'Brien encouraged Plaintiff to report this incident to the Wyeth Human Resources Department.

28. The Wyeth Human Resources Department did not accept a formal complaint and dismissed Plaintiff by simply stating, "Guinosso will be taken care of."

29. The Wyeth Human Resources Department failed and refused to "take care of" the problem for over four months, at which time Guinosso was transferred to a different building.

30. Plaintiff took a leave of absence due to a disability from August 2003 to October 2003 caused by a heart ailment which was a result of the stress and anxiety Plaintiff experienced due to the attempted assault.

31. In February 2004, Guinosso falsely claimed that Plaintiff physically assaulted him in an elevator that the two happened to be riding in together four years earlier in 2000.

32. Karen Williams, a Wyeth employee, allegedly witnessed this event.

33. When Julie Le Sueur, a Wyeth Human Resources Representative, investigated this claim and talked to Ms. Williams, Ms. Williams immediately responded by saying the incident never occurred and that in her opinion Plaintiff was a great employee.

34. Ms. Williams then reported that she had been the subject of undesired physical and sexual touching at the hands of Guinosso.

35. Ms. Williams also reported that she and Plaintiff had, together, witnessed Guinosso approaching and inappropriately touching other female employees.

4

36. On April 28, 2004, Guinosso was stalking Plaintiff by wandering around Plaintiff's work area despite being assigned to a completely different building.

37. On April 28, 2004 and again on May 3, 2004, Plaintiff observed Guinosso staring into his office making peculiar faces at him.

38. The Wyeth Human Resources Department had repeatedly warned Guinosso to stay away from Plaintiff.

39. Guinosso continually disregarded the Department's directives and continued to harass and retaliate against Plaintiff.

40. In or about the end of 2003 and beginning of 2004, Guinosso was transferred out of Building 240, where Plaintiff and Guinosso had been working, to a different building of the Wyeth plant. This transfer was effectuated specifically or in part because of the complaints made by Plaintiff.

41. On October 9, 2006, Wyeth transferred Guinosso back into Building 240, the Kilo-lab, where Guinosso resumed his pattern of harassment against Plaintiff.

42. On October 11, 2006, Plaintiff again observed Guinosso staring through Plaintiff's office window sneering at him and taunting him.

43. On October 13, 2006, Plaintiff spoke to Dr. David Blum regarding Guinosso's transfer back into Building 240 and complained about the sneering and taunting incident of October 11, 2006.

44. On October 13, 2006, Plaintiff then spoke to Adrienne Mesina in the Wyeth Human Resources Department about the latest incidents of harassment involving Guinosso. Plaintiff told Ms. Mesina about his concern that Guinosso would provoke a physical

5

confrontation if he was not spoken to, and that he was concerned he may lose his job as well if baited into such a confrontation.

45. The Wyeth Human Resources Department has failed and refused to take any further actions against Guinosso despite his continued harassment of Plaintiff.

46. Plaintiff has continued to dutifully perform his job, but goes to work everyday feeling apprehensive and nervous about what Guinosso may do next.

47. As a result of the aforementioned conduct, Defendants caused Plaintiff to suffer great pain and humiliation, as well as physical and emotional damages.

## CLAIMS FOR RELIEF

### As Against Defendant Wyeth

48. By reason of the foregoing, Defendant has unlawfully discriminated against Plaintiff in his compensation, terms, and/or privileges of employment, and has denied him the same rights to contract and employment as enjoyed by white persons, because of his race, in that he was subjected to a hostile working environment and an ongoing atmosphere of adverse acts which went unabated in violation of N.Y. Exec. Law § 296 and 42 U.S.C. § 1981.

49. By reason of the foregoing, Defendant has unlawfully discriminated against Plaintiff in his compensation, terms, and/or privileges of employment, and has denied him the same rights to contract and employment as enjoyed by white persons, in retaliation for making a complaint of discrimination, in that he was subjected to a hostile working environment and an ongoing atmosphere of adverse acts which went unabated in violation of N.Y. Exec. Law § 296 and 42 U.S.C. § 1981.

### *As Against Guinosso*

50. As set forth above, Defendant aided, abetted, incited, compelled and/or coerced the aforementioned unlawful conduct in violation of N.Y. Exec. Law § 296(6).

WHEREFORE, Plaintiff demands judgment against the Defendants as follows:

a) Awarding money damages in the sum of $1,000,000.00 (One Million Dollars);

b) Awarding punitive damages to Plaintiff in an amount to be determined by a jury;

c) Granting a permanent injunction enjoining Wyeth from any further actions abridging the Plaintiff's rights, including but not limited to, an injunction preventing Wyeth or any of its agents or employees from providing negative, misleading, or disparaging references pertaining to Plaintiff's employment; and,

d) Awarding reasonable attorneys fees; and further,

e) Granting such other and further relief that to the Court seems just and proper.

Dated: Carle Place, New York
January 5, 2007

THE LAW OFFICE OF
STEVEN A. MORELLI
Attorneys for Plaintiff

One Old Country Road, Suite 347
Carle Place, New York 11514
(516) 873-9550

By: Steven A. Morelli, Esq.

7